is number 518-0464 Robinson-Combs v. St. Clair Nissan E, our accounts are ready. May I proceed? Yes. My name is Peter Magg. I am here on behalf of Phyllis Robinson-Combs, the plaintiff appellant. This is a putative class action that was filed against St. Clair Nissan Incorporated in the Circuit Court of St. Clair County. The lawsuit is a, commenced as a four count complaint. Only two counts are the subject of the appeal that's before the court today. The first two counts, counts 1 and 2, which are not before the court, dealt with a warranty and an unrelated issue. Counts 3 and 4 that are before the court today, count 3 is an unjust enrichment count, and count 4 is brought under the Illinois Consumer Fraud and Deceptive Business Practices Act. As this case was dismissed by motion of the defendant on a 2615 motion to dismiss, when construing a 2615 motion to dismiss, the court is obligated to accept the facts pleaded as true and to liberally construe the complaint in the favor of the plaintiff. Because this deals with whether or not an administrative regulation is actionable, this case really presents a question of law which this court would be reviewing. Do you know about, this is not an abuse of discretion or any such standard as that. Diving into the actual facts of what this case is about, Phyllis Robinson Combs, she was a consumer that bought a motor vehicle from the Offenburg car dealership in the St. Clair County area. She, as part of the transaction of signing paperwork, there was an itemization sheet that went along with the transaction, which is, it's contained in the record. It's included among other places as an exhibit to the complaint. It's also in the appendix to the brief, which I believe is, let's see if I can find the appendix page for this court. Let me just stop for a second. With regard to the language that was on the receipt that is in question, in your brief you had indicated that your brother's brief, somebody's brief, had indicated that the language did not meet the requirements of being bold, italic, underlying, highlighted, something of that nature. In the defendant's brief, they say that it is of a larger font than the other items on that page. Is it or is it not larger than the rest of it? Well, if you're focusing on, it looks like it's on appendix four and cross-reference as well to the underlying circuit court record. It's exhibit B. Answering your question, in my eyes, the text of the language in question is optional, ERT fee, $25. And my review of it, in terms of the size specifically, if there's much of a difference in terms of is it bigger, is it larger, it's almost not noticeable. I mean, perhaps someone could say, compared to some of the text on the paper, the optional ERT fee, $25, is larger, but it's, to the extent it is, it's de minimis. But I'm glad you brought up that point, Your Honor, because really the subject of, in the inquiry before the court, it deals with an administrative regulation in the state of Illinois. It is Title 92, Section 1010.540. And what the administrative regulation in question requires, that this ERT fee deals with electronic registration of title, vehicle title, as part of the car transaction. And part of what the regulation I just referenced to this court requires is, among other things, that it be bolded. There's two things that could be done. One is that the fee could be identified on a separate document, including the phrase, the optional registration fee using a font size not smaller than required by the Motor Vehicle Retail Installment Sales Act. That's Part B of that Section 1010.540. That wasn't done in a separate document. I don't think that part is in dispute. So the inquiry then turns to Section A of 1010.540 that says, the optional ERT fee language shall be distinguished from other language with the use of bold, colored, italic, or underscored type, which the document has none of those. Or it says using a larger font, but in no case. May the font be smaller than required by the Motor Vehicle Retail Installment Sales Act. Again, my review of whether it's Exhibit B to the complaint or what was appended, as I believe it was referenced, it was Appendix Page 4. The text, clearly, again, it's not bolded. It's not italicized. It's not underscored. I mean, looking at the font size, it's essentially the same size as everything that is going up and down the page. The whole point of this administrative regulation, the policy behind it, which I think Section B of 1010.540 really hints at even more, it's designed to bring attention to the consumer of, hey, this fee is being crammed on among an itemization of various charges that are out there. You don't have to accept this. You cannot doubt of this. It's to be brought to the consumer's attention. The gist of what this lawsuit is alleging is that it wasn't brought to the attention of the consumer. And, in fact, Judge McGlynn, in the May 22, 2018, order, if I can find his language, it starts on page 2, goes to page 3. The manner in which, quote, the manner in which defendant conveyed to plaintiff that a $25 ERT fee was being charged as part of the purchase transaction while perhaps not in line complying with the administrative code was in no way misleading or deceptive. So the circuit court themselves, at least in their eyes, again, this court is reviewing it de novo, but at least the circuit court didn't seem to have any problem with finding that the administrative regulation in question was violated. The concern or one of the concerns that was raised in the dismissal order in question dealt with whether or not the violation of the administrative regulation was whether there was a private right of action or not. There's a lot of discussion in defendant's brief along those lines of is there a private right of action, is there not. It points out to several sections of the same app that do designate private rights of action and others that don't. And isn't it reasonable to believe that if the legislature wanted a private right of action, were they given it in other areas they would have given it in this one? Well, certainly in some cases the legislature can do a better job of specifying their intent. Sometimes the legislature explicitly does state that there's a private right of action. Other times it doesn't and courts still nevertheless hold that there is a private right of action under statute. So it doesn't necessarily foreclose that there is a private right of action. Along those lines, Your Honor, the defendant's brief, there's somewhat of a contradiction at one point. At one point when discussing the private right of action aspect, they cite a case or two that says something like, well, courts with administrative regulations tend not to, let's see if I can find that exactly, but it was something to the effect of with administrative regulations, courts are less inclined or may not have private rights of action. So they want to treat, as compared with statutes, so they want to treat administrative regulations and statutes somewhat differently when they're discussing is there a private right of action or not. But in other parts of their brief, when they're discussing the Consumer Fraud Act, they try and emphasize a point that, well, the Consumer Fraud Act, it may last under Section 2Z, a whole list of things that are per se violations if you violate a statute. But they try and, how do I say it? Where was the point? I apologize, Your Honor. But in any event, they want to treat... Where was I? I had a point. I'll have to... Okay, so, I mean, as to statutes, like when they were discussing Section 2Z, they want to discuss, well, if it's not listed there, then it's not a per se violation. Well, I mean, as to IFA, I mean, just because it's not listed number one doesn't mean it's not actionable. It could nevertheless be viable under IFA. It's just not one of the per se categories. But I've misplaced one of my notes, so I will have to go back to that. I apologize. But in any event, as my brother was arguing in his brief, the crux of what this is about, whether or not there's a private right of action or not, this case is being pursued under an unjust enrichment theory. Unjust enrichment, as this Court has held, it's an equitable doctrine that provides that no one want to be able to enrich themselves unjustly at the expense of another. It doesn't disinvolve the dealership registering the vehicle under the title electronically. It does. Is there any allegation that they didn't do so? I do not believe there is an allegation that they didn't do so. So then how are they unjustly enriched if they actually did what the fee is being charged for? Well, as the allegations of the complaint allege, it's that the fee was crammed on the dealership. It's the top. I mean, based on your A4, it's the very first fee set out. It looks to me that the font is slightly, as you said, very slightly larger than the rest of the fees below it. And your client signed it and there's language on the document saying that, you know, he certifies his legal age and acknowledges that he has read the terms, conditions and disclaimers on both the face and reverse side of this document. How is that crammed? I mean, I think when I think of cram, cramming something in there, I'm thinking of a very small font hidden someplace in a large paragraph that nobody reads. This is the very first fee set out on this balance sheet. Sure, you're right. In this case, the legislature, it had tried to make, or the, I guess, administrative regulation, I should say, the Secretary of State tried to make clear what its policy and what it was really looking for. And it wanted things to be brought out to the attention of the consumer. And towards those ends, I think that's why this case is a little different than Robinson v. Toyota Water Sales that's referenced in the defendant's brief. In this case, you do have a specific regulation that is at issue that the circuit court, at least as to the narrow issue of was there a violation of this regulation, they found no problem. And, I mean, that's how my recollection of the Robinson case, the defendant's side, how I believe it's different. How's that adjusted in Richmond, though? If it didn't work? Well, I mean, I suppose it depends on, my brother is the one that handled parts of this. I don't know that there was any allegation or statement by either side of whether or not the full 25 was transferred over. It was just alleged that the $25 was charged and or collected, extracted from the consumer. But there's no allegation that whoever the salesperson was did not explain this fee, explain the $25 and what it was used for, correct? There's no allegation one way or the other on that point, Your Honor. I mean, the case in a nutshell just centers on what a salesperson should or shouldn't have been saying. I think by having things bolded or otherwise set forth in a specific manner, the legislative or the administrative regulation, excuse me, was trying to make it short-circuit the problem of just those types of questions of what was the consumer told or not told. And, in fact, if under Section B the initial method was done, then you've even got the consumer checking off that they saw that. So in this case, again, with unjust enrichment, there's the you must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment. In this case, it's the $25 fee in that the retention violates a fundamental principle of justice, equity, and good conscience. In this case, the Offenburg dealership is a mass value dealership that sells many cars. I think defense counsel will concede with it. And tying in with a point that defense counsel discusses under the ICHFA Act specifically as to is there substantial injury to consumers, the class action vehicle by its very nature is to take, even if the court were to make a determination that $25 by itself on one transaction is a de minimis amount, that collectively $25 by a class wide of consumers can be a substantial injury to consumers. Focusing on the ICHFA Act, the dismissal basis of Judge McGlynn, what the circuit court really seemed to focus on was whether or not the charge in question was dismissed. Thank you, counsel. Do I have an opportunity to rebut? Thank you. Thank you. May it please the court. Dan Haas is stopped for the defendant to peddle e-cig, their e-cig, counsel. What this case comes down to essentially is the thought that was used on the disclosure form on this sales document. That's really all it is. I've read the complaint over and over again. There's no further allegation in there that this woman was actually misled by the document, that she was lied to by the sales agent, that she misunderstood the document, that she suffered any injury whatsoever as a result of what was printed on the sales document. What this case is, I invite the court to read the complaint as often as I have, is the print on this particular form, the optional ERT fee, was allegedly violated. This is the regulation that my opponent cites. And as Judge Barbera pointed out, even that is a question. Since this has been alleged and this is a 2615 motion that we're here on, we'll accept it for purposes of pleadings, but we obviously don't agree that there even was a violation. And make no mistake, if this was actually bold printed, we wouldn't be here today. So basically the argument that you would have to accept then is that because this was not bold printed, then suddenly that transforms this into not only an unjust enrichment where the standard is justice, equity, good conscience, but also that this is a violation of the Consumer Fraud Act, in which one of the factors that must be considered is whether the action was immoral, unethical, oppressive, unscrupulous. So basically to accept the argument, they have to accept the premise that a type of font used on a disclosure form makes something immoral, unethical, et cetera. It makes no sense to me. I would hope that the Court agrees with me. I'll go through my arguments in a little more detail here. First of all, with the unjust enrichment, well, first of all, let me back up a little bit. I think the first question is whether there's an applied right of action. I think that argument can be easily disposed of. In fact, it's not really developed in their brief at all. As I pointed out, and as Judge Boberge pointed out a few minutes ago, there are certain statutes that where in our office there are certain sections of the vehicle code itself where the courts have said there is a cause of action for anyone who suffers a violation of this act. It specifically spells it out in each one of those sections that I cite in my brief. And as the Court in – I don't have the case immediately in front of me. Your Honor, I don't have the brief. But the courts have recognized – Pupil-Experts Daily, that was one, and Martiz, the other one. The appellate courts have recognized that if there is no violation – I'm sorry. If there is no – let me back up a bit. I apologize. I wasn't aware I was going. The courts have recognized over and over again – not necessarily in those cases. I apologize. Those are different cases. But the courts have recognized that when the statute does not give a private cause of action, that can't necessarily apply as stated there. And I believe the fact that the vehicle code specifically, the legislatures, when they wanted to create a private cause of action for a violation of a section of the vehicle code, have specifically provided that right, that their silence with respect to other violations, other statutory regulations, other statutory provisions or regulations, means that there is no applied right of action under that section. So I think that's something that can be easily disposed of, that there's no private right of action for a violation of this regulation. Otherwise, the legislature would have clearly said that there was. And moving on with regards to the unjust enrichment, I want the court to focus on the principles of unjust enrichment, justice, equity, good conscience. This wasn't the situation, at least it hasn't been alleged, where the person was taken advantage of, where she wasn't aware of the optional nature of this fee. She hasn't alleged what she would have done differently if she noticed it. We don't know if she noticed it before or after. And there is no allegation that this fee wasn't, first of all, the fee is specifically authorized by regulation. The amount of the fee and the charging of the fee is specifically regulated, and they complied with that. And there's no allegation that they didn't provide the services that she paid for. And I've cited a couple of cases. I think the lady who dies and went from the Seventh Circuit is really instructive on that. Granted, it's an Indiana case, but unjust enrichment is a common law doctrine. You know, it applies in Indiana. It doesn't go nowhere, so I think it's persuasive. Just out of curiosity, with regard to the $25 fee, the actual fee itself, does the state charge that to the dealer? No. Or is that an administrative fee that the dealer charges to do it electronically? Sort of. There's an intermediary, I forget what they're called, the service providers, ERT service providers, and they're allowed to charge by statute $10. And then the dealer is allowed to charge one and a half times that amount, which up to, but that's typically what they charge. So they charge, the dealer gets the $15, and $10 is passed on to this intermediary, which facilitates the electronic transmission from the dealer to the state. Okay. So it's really figured. I mean, it's not in the record. I'm talking outside the record, to be honest with you, but really the dealer gets $15. I know it wasn't, but I was just curious. Okay, yeah. That's my understanding of it. I'm by no means an expert in the field, but that's just my understanding of it. So that's my argument on this first, but I do want to move on to the consumer fraud claims. And this is where the, and I do want to clarify our position here with regards to, and this is where the People Actual Daily Markets case that I mentioned earlier come into play. The, what those cases said that if this Consumer Fraud Act sets out specific statutes that say if this statute is a violation, this is a Consumer Act violation, and what the People Actual Daily Markets case said, if it's not listed in there, it's not a per se violation of the Consumer Fraud Act. It doesn't mean you're out of court. I just want to make that clear. I'm not saying that because it's not per se that they don't have a chance. But what it does say is that there has to be an independent basis under the Consumer Fraud Act. So in that, in essence, then you look to the unfairness principles. Does it violate public policy? Is it immoral, unethical, oppressive, and scrupulous? Is there a substantial injury? I believe all those factors go against the plan in this case. With regards to the public policy, I do want the Court to focus on what the actual policy here is being protected. And that's the disclosure of the optional nature of this fee. So it's not the fee itself that's not violent of public policy because it's authorized. It's not the amount of the fee that's authorized as well. It's the disclosure of the optional nature. And as shown in the exhibit to the complaint, this optional, not only was the fee disclosed, but the optional nature of the fee was disclosed to the consumer. So the complaint they have is not that it wasn't disclosed. It was the manner in which this policy was effected. And so the disclosure here, at least the allegations of the complaint, did not show that this policy was violent. In fact, the policy was consistent with the public policy. Their only complaint was how it was. And this gets back to what we're really talking about here. It's just the font that was used on the form. That's really the only difference here. If it was a bold font, they wouldn't say, well, I guess that's consistent with public policy. But because the font was not bold, but it was still slightly larger than some of the other print, it's a violation of public policy. It doesn't make any sense that public policy was complied with. It just wasn't in the manner that the plaintiff wanted it to be. And that's not the only issue. As the Robinson case has said, you have to also look at other factors, that being the immoral, unethical, oppressive, and scrupulous nature. I think those go out the window easily. I mean, this isn't, at least for the allegations of the complaint, which is all we have, which is 16 motions, all we have is the allegations of the complaint. There's no allegations of any immoral conduct, unethical conduct, oppressive conduct, unscrupulous conduct, unless you want to take the position, unless this Court wants to take the position that the changing of font or altering of font on a disclosure form constitutes immoral, unethical, oppressive, and scrupulous conduct. One of the things the courts look at with regards to this factor, did the consumer have other options? Yes. She didn't have to go through with the transaction. If she didn't like the $25 fee, if she didn't like the overall purchase price, she could have gone somewhere else to buy her car. She had meaningful options. That's what the courts have looked at with regards to this factor. Substantial injury, the other factor. In this case, there's not even an allegation of an injury, much less a substantial injury. Again, I go back to the complaint. The complaint says, in essence, this disclosure form didn't comply with the regulation, and then the Consumer Fraud Act, in effect, says the Consumer Fraud Act exists, is all it alleges. It doesn't even say I'm entitled to the damage of the Consumer Fraud Act. And in the Consumer Fraud Act, you can't just throw out the statute and state a cause of action. You've got to say how you were damaged by this. And I think I've covered this before, but there's no allegation that she was damaged at all, but by the size of the pot. I mean, I guess if she could in good conscience say that, well, if this pot was a little bit bigger, maybe I would have seen it, and I would have thrown out the whole transaction. But that's not what's been alleged. What this boils down to is they want to say there was a technical violation, alleged technical violation of this regulation, and based on that, I get the Consumer Fraud Act. I get the Consumer Fraud Act claim, and I'm going to bring this whole class action against you guys based on this. And it's just not consistent with the law. It's not consistent with the rule of law in Mr. Richmond. It's not consistent with the Consumer Fraud Act. And I urge support to affirm this was the case. Unless the Court has any questions, I will conclude my argument.  Rebecca? May it please the Court. So in terms of the opposing counsel was talking about some of the things that the Court should look at when analyzing an actual violation. Has he referenced does it offend public policy? Secondly, is it unethical, oppressive, and scrupulous? And third, does it cause substantial injury to consumers? As the briefs have set forth, I think both of the appellate briefs, you don't need all three of those elements for there to be an actual violation. All you need is one of them. The Court will weigh the three factors and see how each one comes into play, but you don't need a violation for each one to be checked if this one is happening. As to the reference that there's no allegation of damages, that's just not accurate. Paragraph 20, Count 3, which is incorporated into Count 4, references an injury of $25. And collectively the class has injuries in excess of $50,000. To a lot of my clients and a lot of people in this world, in excess of $50,000 is a substantial injury. So I think you have that element. In addition, I as well do think that this violation offends the public policy of the state as reflected in the regulation as the Circuit Court found the regulation was offended. So I think clearly you have two elements there. And then third, the unethical, oppressive, unscrupulous. Again, while Dan had referenced some of this, it may not be in the record of some of the comments that he had exchanging with Justice Barbaras. I mean, nevertheless, off the record, it sounds like there's $15-ish of gain that the car dealer is putting in their pocket for each one of these transactions that they are in violation of the regulation, as I had referenced previously. I will concede that there is text on Exhibit B or Appendix 4, I think it was, that there is text somewhere on that sheet that is smaller. But as to the charges themselves going up and down, I mean, the text is essentially all the same size. As for the private right of action, there is lots of case law before the court from both briefs dealing with what the legislature, do they expressly say something, do they not, do they need to expressly say it. And I think it's fair to say that even as a statute, it doesn't necessarily provide a private right of action, that there can be roundabout ways of pursuing another cause of action for a violation, even if the statute itself isn't privately actionable. It's not in the brief, so I don't know if the court would want me to say it, but I can think of one statute off the top of my head, a federal statute that's not privately actionable that you can nevertheless still sue under state law. As to private right of action focusing, again, as my brother's brief was alleging, he's not really even going after, in his count three, violation of the statute specifically as his avenue of relief. He's going about through unjust enrichment as a mechanism of even if there's not a private right of action, the unjust enrichment, and the unjust enrichment would be, while it's not on the record, but it's sort of hanging out there, that $15 or so that repeatedly the car dealer is putting in their co-offers. Thank you. Thank you, counsel, for your arguments. The court will take this matter under advisement.